ACCEPTED
01-13-00851-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/17/2015 11:39:22 PM
CHRISTOPHER PRINE
CLERK

NO. 01-13-00851-CR

IN THE COURT OF APPEALS
FOR THE
FIRST JUDICIAL DISTRICT OF TEXAS
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

2/17/2015 11:39:22 PM
CHRISTOPHER A. PRINE
Clerk

| | | |
|---|---|---|
| ERIK SANTANA GUANCHE | § | APPELLANT |
| | § | |
| V. | § | |
| | § | |
| STATE OF TEXAS | § | APPELLEE |

APPEAL FROM COUNTY COURT AT LAW NO. 7
HOUSTON, TEXAS
TRIAL COURT NO. 1869024

_____

**APPELLANT'S MOTION FOR RECONSIDERATION EN BANC**

Rick Soliz
Attorney at Law
Texas Bar Number 00785013
P.O. Box 4051
Houston, Texas 77210
713-228-1900
Counsel Pro Bono

**ORAL ARGUMENT REQUESTED**

1

IN THE COURT OF APPEALS
FOR THE
FIRST JUDICIAL DISTRICT OF TEXAS
HOUSTON, TEXAS

| | | |
|---|---|---|
| ERIK SANTANA GUANCHE | § | APPELLANT |
| | § | |
| V. | § | |
| | § | |
| STATE OF TEXAS | § | APPELLEE |

APPEAL FROM COUNTY COURT AT LAW NO. 7
HOUSTON, TEXAS
TRIAL COURT NO.  1869024

APPELLANT'S MOTION FOR RECONSIDERATION EN BANC

TO THE HONORABLE JUSTICES OF SAID COURT:

Now comes, Erik Santana Guanche **,** Appellant in the above entitled and numbered cause, by and through his pro bono attorney of record, Rick Soliz, and submits this First Motion for Reconsideration En Banc.  For good cause, Appellant shows as follows.

**ISSUES PRESENTED FOR RECONSIDERATION EN BANC**

Appellant submits this response to the opinion issued by the court on December 16, 2014, the ruling issued by the court on January 15, 2015 denying appellant's motion for rehearing, and requests that the court reconsider en banc the following issues:

Issue 1: The Court of Appeals erred in not finding that the County Court Judge's conduct was blatantly illegal pursuant to Texas Criminal law.

Issue 2: The Court of Appeals erred in finding that the Judge's impartiality might not reasonably be questioned.

**ARGUMENT AND AUTHORITIES**

**ISSUE 1**

Sufficient law has been stated in Appellant's brief to respectfully explain Texas law as it relates to this issue over the last decade and a half in the Court

below. A Class A misdemeanor has occurred in every instance and on every occasion that an unlicensed interpreter has been utilized before the bench on items of substance. Such occurrences number in the thousands and occur in open court daily as evidenced by documentation, including the name and signature of those interpreting, filed in these cases. The applicable Government Code section, supported by two earlier referenced attorney general opinions, among other things, supports Appellant's position. Appellant's motion to recuse did not lack any procedural requirements regarding this issue either. Per Appellant's brief, the Texas Law of Parties directly implicates the presiding judge of the court below as if she acted herself by criminally, illegally interpreting. Additionally, Appellant's brief provides other specific laws violated stemming from this criminally illegal conduct.

Moreover, under the extreme, rampant lawlessness in the court below, there is no scenario that will allow Appellant to proceed defending a prosecution without a violation of his due process rights. The illegal conduct is so commonplace that the Judge was taken aback and visibly and loudly upset that the undersigned Counsel had the audacity to refuse to illegally interpret, without a license, for a client in open court. Appellant complained in the Court below and was ignored. Allowing, and in fact promoting, the illegal interpreting in

4

open court proceedings, speaks volumes for what the Judge below thinks of minorities, and Spanish dominant defendants generally. They are considered second class citizens not worthy of due process. Appellant fits both categories. It is of no consequence that a different County Judge was available and in fact administered the plea below since the same issues are prevalent in that court as well and all other Harris County Criminal Courts at Law. Also, it is common practice for any "visiting" judge to accommodate only procedures, rules and punishments of the presiding judge of the particular court visited. In this case, the temporary judge came in from down the hall or down the elevator for a few minutes to substitute in for the vacationing presiding judge of Court 7.

Additionally, the daily law violations are witnessed, and in fact welcomed, by the assistant district attorneys and court police and most other staff members, since it helps "clear the docket" with the resulting pleas of guilty without the bother of due process. So in essence, we have unprosecuted criminal law violations occurring en mass in front of the Judge of Court 7, the district Attorney, and the court's police. And again, once this ongoing scenario is apparent in the court, there is absolute disregard for Appellant's civil rights, due process and justice generally. Appellant cannot have a fair trial in this court, nor be fairly monitored pretrial by the court nor can the court monitor defendant

post trial (probation) nor fairly rule on any post plea items during the remainder of the court's jurisdiction post plea. Defendant was hindered and stifled from complaining or filing motions post plea since to do so would be useless except for procedural purposes such as extending time periods for appeal.

## ISSUE 2

Presumable to a high extent, minorities and Hispanic citizens believe the Judge's partiality is crystal clear under the circumstances. Further, no reasonable person observing or knowing the court's massive illegal activity would reasonably refuse to recognize the judge's partiality to an entire class, language, entire national origin, or an entire people. The judge's impartiality could not be questionable to a higher degree. Appellant is in this class, national origin, and people and is Spanish dominant. Appellant believes any reasonable person would reasonably question this judge's impartiality.

## PRAYER

Wherefore, premises considered, Appellant prays that this motion for reconsideration en banc be unconditionally granted, that this Court grant the

relief sought or set the matter for oral argument and after argument, reverse the judgment of the courts below and remand the case for trial on the merits.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the attached and foregoing document will be served on the Harris County District Attorney's Office.

## CERTIFICATE OF COMPLIANCE

The undersigned does hereby certify the word count in the body of this brief to be well under the maximum limit and about 1019 words.

Respectfully submitted,
/s/ Rick Soliz,
Rick Soliz
T.B.N. 00785013
P.O. Box 4051
Houston, Texas 77210
713-228-1900
Pro Bono Attorney for Appellant